UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ERNIE JUNIOR PEREZ,                              2:  14-cv-00380-PK

              Plaintiff,                           ORDER

    v.

COLETTE  PETERS,  MARK  NOOTH,
RANDY GEER, CLEMENTS, SCHULTZ,
EVANSK,  SHUPEC  and  JOHN  (or
JANE) DOE,

             Defendants.

PAPAK, Magistrate Judge.

    Plaintiff, a prisoner in the custody of the Oregon Department of Corrections and currently incarcerated at the Snake River Correctional Institution ("SRCI"), is proceeding *pro se* and *in forma pauperis* in this prisoner civil rights action.  Now pending before the Court are the following motions:  (1) Defendants' partial Motion to Dismiss facial claims and claims against defendants Peters and Nooth; (2) Plaintiff's Motions to Compel Discovery; (3) Plaintiff's "Motion for Sufficiency of an

1 - ORDER

Objection"; (4) Plaintiff's Motions for Sanctions; (5) Plaintiff's Second Motion for Appointment of a Court-Appointed Expert Witness; (6) Plaintiff's Motion to Supplement Complaint; and (7) Defendants' Motion for Extension of Time of the deadline for completing discovery and filing dispositive motions.

All parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case [17]. *See* 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.   Having carefully reviewed the parties' submissions and for the reasons that follow, the Court grants in part defendants' Motion and dismisses with prejudice plaintiff's facial challenges to Oregon Administrative Rules ("OARs"):   291-131-0035(1), 291-131-0010 (20) & (21), 291-131-0015 (2), 291-131-0025(5)(b)[1], 291-131-0037(6)(a)(A) and 291-131-0050 (3)(d) & (e).   The Court denies defendants' motion as to OAR 291-131-0025(11)(b)(D) and as to defendants Peters and Nooth. The Court grants in part and denies in part plaintiff's Motions to Compel, "Motion for Sufficiency of Objection", Motions for Sanctions, Second Motion for Court-Appointed Expert Witness and Motion for Leave to File a Supplemental Complaint.   Finally, the Court grants defendants' Motion for Extension of Time to complete discovery and file dispositive motions until June 15, 2015.

///

---

[1]   The Court notes that plaintiff consents to the dismissal of his challenge to OAR 291-131-0025(5)(b).   Response [40], p. 3.

2 - ORDER

## BACKGROUND

According to plaintiff, he received five "sexually explicit mail violations" between August 29, 2013 and October 3, 2013 for letters sent to him by a Ms. Aston. In addition, he received three "publication violation notices" in September 2013 for books titled: "Girls on Top", "Letters to Penthouse XV" and "Letters to Penthouse XII". In his Amended Complaint, Plaintiff raises several facial challenges to certain OARs that formed the basis for his violation notices. Plaintiff claims those rules: (1) impermissibly restrict the content of some outgoing mail; (2) fail to distinguish between written and pictorial content; (3) impermissibly restrict certain pictorial content; (4) impermissibly restrict certain written content of incoming mail; (5) impermissibly regulate clippings; and (6) give insufficient notice of administrative review procedures and allow for deficient recommended decisions and final written orders.

With regard to defendant Peters, plaintiff asserts she is the Director of the Oregon Department of Corrections ("ODOC") and is authorized to create and enforce rules bearing on policies and procedures for the "sending, receipt and processing of inmate mail in [ODOC's] institutions." With regard to defendant Nooth, plaintiff asserts he is the Superintendent of SRCI and is responsible for appointing the official who oversees and conducts administrative reviews of inmate mail violations. In addition,

plaintiff contends Nooth is responsible for enforcement of the Oregon Administrative Rules, including those bearing on the handling of inmate mail. Plaintiff also alleges both Peters and Nooth promote and enforce policies and customs that consistently fail to provide adequate notice of mail violations and/or adequate substantive written responses after administrative review hearings.

<u>DISCUSSION</u>

I.   **Defendants' Motion to Dismiss Plaintiff's Facial Claims and Claims Against Defendants Peters and Nooth**

A.   **Standard of Law Applicable to Rule 12(b)(6) Motions**

Federal Rule of Civil Procedure 8(a)(2) requires "a short plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal quotation marks omitted). A defendant may move to dismiss a complaint if that complaint fails to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). While a complaint attacked by Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has

4 - ORDER

facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.

The Supreme Court has identified two "working principles" that underlie this dismissal standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. at 679. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

When a court is considering a motion to dismiss under Rule 12(b)(6), it must "'consider only allegations contained in the

pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)(quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(per curiam)).

**B.   Analysis**

**1.   Facial Challenge to Identified OARs**

**a.   OAR 291-131-0035(1) and 291-131-0010 (20) & (21)**

To the extent plaintiff challenges the constitutionality of OAR 291-131-0035(1), which prohibits prisoners from receiving certain material containing portrayals of certain actual or simulated sexual acts or behaviors, defendants' argument is well taken.  The Ninth Circuit has already considered and rejected the argument that this regulation is facially unconstitutional. *Bahrampour v. Lampert*, 356 F.3d 969, 973-76 (9th Cir. 2004). Similarly, this District Court in *Chandler v. Williams*, 2010 WL 6004373 (D.Or. 2010), determined that *Bahrampour* concerned itself with "portrayals" of sexual acts and behaviors and did not restrict its analysis solely to images.  Accordingly, this Court also rejects plaintiff's facial challenges to OAR 291-131-0010 (20)(regulation defining "personal photograph") and OAR 291-131-0010 (21)(regulation defining "portrayal").  Taken in the context of the facial challenge to OAR 291-131-0035(1), these regulations merely define terms in an already deemed constitutional rule.

///

6 - ORDER

b.   OAR 291-131-0015(2)

Under the First Amendment, "a law may be invalidated as overbroad if a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *United States v. Stevens*, 559 U.S. 460 (2010)(internal quotations omitted). A plaintiff challenging a law on this ground "need not necessarily introduce admissible evidence of overbreadth, but generally must at least describe the instances of arguable overbreadth of the contested law." *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 944 (9th Cir. 2011)(internal quotations omitted). Plaintiff must show that the regulation's overbreadth is substantial, "not only in an absolute sense, but also relative to the [regulation's] plainly legitimate sweep," to succeed on a facial challenge. *United States v. Williams*, 553 U.S. 285, 292 (2008).

OAR 291-131-0015(2) provides that "[i]nmates shall not send, receive, transfer, or possess mail which violates the provisions of these rules." This "catchall" rule essentially prohibits inmates from handling mail deemed violative of the other mail rules. As such, the Court concludes plaintiff cannot demonstrate that a substantial number of applications of this regulation are or could be deemed unconstitutional. The Court rejects plaintiff's facial challenge to this rule.

///

c.  OAR 291-131-0037(6)(a)(A) and OAR 291-131-0050(3)(d),(e)

By his own arguments, it is apparent plaintiff seeks to raise as applied challenges to these rules.  For example, OAR 291-131-0037(6)(a)(A) deals with notification to the sender and intended inmate recipient when mail from a non-inmate sender is rejected. An aspect of this rule provides that:

> [t]he rejected portion(s) of the mail should be photocopied and retained pending any administrative review.  If no administrative review is requested, the photocopy shall be maintained according to archive standards.

Plaintiff alleges that defendants have "an unwritten policy or custom of consistently failing to retain photocopies of the portions of publications that are rejected", *i.e.*, a policy of failing to comply with OAR 291-131-0037(6)(a)(A).  Similarly, plaintiff characterizes defendants written responses after administrative reviews as "the culmination of an ineffectual rubber stamp process, which the prison staff does not take seriously." Again, plaintiff's dissatisfaction is with defendants' failure to comply with the rule, rather than the rule itself.  Accordingly, the Court rejects his facial challenges to these rules.

d.  OAR 291-131-0025(11)(b)(D)

In their reply, defendants examine the facial validity of OAR 291-131-0025(11)(b)(D) under the standards set out in *Turner v. Safley*, 482 U.S. 78, 89 (1987) to test whether the regulation is "reasonably related to legitimate penological interests".  The

8 - ORDER

Court concludes examination of defendants' analysis is better suited to a summary judgment motion because their arguments involve, at least in part, questions of contested fact.  For example, defendants assert "[n]ude and partially nude images have a particularly high value in prison, and when the images are "freestanding", they are particularly difficult to control" and "lend themselves more easily to bartering."  Reply [42], p. 9.  Whereas plaintiff maintains "[d]emand exists for hardcore porn--not nudes."  Plaintiff's Second Memorandum [48], p. 11.  Accordingly, the Court denies without prejudice defendants' motion to dismiss plaintiff's facial challenge to OAR 291-131-0025(11)(b)(D) at this stage of the litigation.

**2. Claims against defendants Peters and Nooth**

Defendants' arguments notwithstanding, the Court concludes plaintiff has raised allegations against Peters and Nooth concerning their knowledge and promotion of unwritten "policies and customs" bearing on the handling of inmate mail sufficient to survive a Motion to Dismiss under Rule 12(b)(6).  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)(quoting *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987)) (While there is no *respondeat superior* liability under Section 1983, supervisor liability exists "if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation.").

9 - ORDER

Specifically, plaintiff asserts Nooth was personally involved in the rejection of his mail because he is responsible for reviewing the recommendation of the official designated by him to conduct administrative reviews.  In that capacity, plaintiff notes the administrative review form denying him relief was signed by Lieutenant Clements "for the Superintendent".  Moreover, plaintiff asserts both Peters and Nooth affirmatively promoted unwritten policies and customs which:  (1) failed to provide him with adequate notice regarding his options and responsibilities for administrative review of mail rejections; (2) failed to provide him a substantive written response following his administrative hearing; and (3) failed to take the administrative review process seriously and consistently failed to photocopy rejected portions of publications, thus thwarting his ability to pursue meaningful administrative review.  Given these allegations, the Court concludes plaintiff arguably states viable as applied challenges against Peters and Nooth.  Accordingly, the Court denies defendants' motion to dismiss these defendants from the case at this stage of the litigation.

II.  **Plaintiff's Motions to Compel Discovery, "Motion for Sufficiency of Objection" and Motions for Sanctions**

A.  **Applicable Legal Standards**

Under Rule 26 of the Federal Rules of Civil Procedure, parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.  Fed.R.Civ.P. 26(b).

"Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.

Under Rule 37, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed.R.Civ.P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer or response." Fed.R.Civ.P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under [Rule 16].'" *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012)(quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011).

**B.  Discussion**

Plaintiff moves to compel responses, admissions and production of documents responsive to his discovery requests. Defendants argue that plaintiff's motion should be denied because, at least as to several requests, he failed to comply with Local Rule 37-1(a), which requires the movant in a motion to compel to set out the pertinent document, request, response and legal argument as to why the response was deficient. Defendants also argue that plaintiff's motion should be denied because they have adequately responded to the non-objectionable requests by plaintiff and lodged appropriate objections to the remaining requests.

The Court has conducted a cursory review of defendants' responses to plaintiff's discovery requests, and finds that defendants have complied with the good-faith requirement during the discovery process. *See Asea v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981)("[t]he discovery process is subject to the overriding limitation of good faith obligation."). Notwithstanding their objections to plaintiff's discovery requests, defendants provided answers to plaintiff's interrogatories and have turned over numerous documents to plaintiff in response to his requests for production. For this reason, plaintiff's pending Motions for Sanctions are denied.

The Court addresses the disputed requests, in turn, below.

**1. All Responses to Plaintiff's *First* Request for Production of Documents.**

In his **Request for Production No. 1**, plaintiff requested "[a]ny and all grievances, inmate communication forms, or other documents received by the superintendent of Snake River Correctional Institution (SRCI) or his/her agents concerning mail violation notices, publication violation notices, confiscation notices, and the whole ensuring process; and any memoranda, emails, investigating files or other documents created in response to such complaints." Defendants objected on the grounds the request is "vague, not limited in time or scope, overbroad, irrelevant, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence." Defendants further objected on the grounds

12 - ORDER

that the request "seeks information that is confidential for reasons of institutional security and seeks information that may be attorney-client privileged and/or work product."

At a minimum, plaintiff's request is overbroad and unduly burdensome. His motion to compel documents in response to this request is denied.

In his **Request for Production No. 2**, plaintiff requested "[a]ll documents that contain, mention, construe, or refer to policies, directives, or instructions to staff concerning the processing of inmate mail at SRCI, and for all Oregon Department of Corrections [] facilities." Defendants objected on the same basis as **No. 1**, but nevertheless provided plaintiff with a copy of the ODOC Administrative Rules, Chapter 291, Division 131, titled Mail (Inmate).

The Court agrees that taken as a whole plaintiff's request is overbroad and unduly burdensome. Nevertheless, plaintiff's motion to compel further documents in response to this request is granted in part and denied in part. Defendants are required to provide copies of any written policies, directives, or instructions to mail staff in their possession concerning the processing of inmate mail at SRCI from June 2013 to December 2013, subject to production of a privilege log or a specified showing of defendants' concerns pertaining to institutional security.

13 - ORDER

In his **Request for Production No. 3**, plaintiff requested "[a]n database or archive of copies of previously rejected or confiscated inmate mail or publications at SRCI." Defendants objected on the same basis as **No. 1**.

At a minimum, plaintiff's request is overbroad, unduly burdensome and likely to contain confidential or protected communications. His motion to compel documents in response to this request is denied.

## 2. All responses to Plaintiff's *Fourth* Request for Production of Documents.

In his **Request for Production No. 1**, plaintiff requested "[a]ll memoranda, emails, investigative files, or other documents created by the superintendent of SRCI, or his agents, in response to plaintiff's grievances and inmate communication forms concerning mail and publication violation notices." Defendants objected to the request as overbroad, unduly burdensome and not reasonably calculated to lead to admissible evidence because the request was not limited in time or scope. They also objected to it to the extent it is vague and seeks documents protected by attorney-client privilege or is work product. Nevertheless, defendants provided plaintiff his "publication violation notices and inmate requests for administrative review and plaintiff's SRCI grievances." They also promised to search for and provide "inmate communication forms from plaintiff related to mail and publication violation notices."

14 - ORDER

Defendants' response to plaintiff's request is adequate. His motion to compel further documents in response to this request is denied.

3. **Response Nos. 1-3 of Plaintiff's *Second* Set of Interrogatories**

In **Interrogatory No. 1**, plaintiff asked defendants to "state the names, titles, and duties of all staff members at SRCI, other than defendants Lori Schultz, Kallee Evans, and Chris Shupe, who had responsibility for inspecting incoming, and outgoing mail, and for rejecting, confiscating, or flagging inmate mail on or about 8-29-13 to on or about 10-3-13." In **Interrogatory No. 2**, plaintiff asked defendants to "state the names, titles, and duties of all staff members at SRCI, other than defendants Lori Schultz, Kallee Evans, and Chris Shupe, who had responsibility for photocopying letters and publications that had been rejected or were under review on or about 8-29-13 to on or about 10-3-13. Defendants objected to these interrogatories as "vague, overbroad, irrelevant, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence." In **Interrogatory No. 3**, plaintiff asked defendants "[i]f possible state the names, titles, and duties of all staff members at SRCI, other than defendants Lori Schultz, Kallee Evans, and Chris Shupe, who had responsibility for rejecting plaintiff's five letters and three publications. See plaintiff's complaint pages 6 and 11." Defendants objected to this interrogatory as "vague, overbroad, irrelevant, unduly burdensome,

and not reasonably calculated to lead to discovery of admissible evidence.  This request is vague with regard to "five letters and three publications," "duties," and "responsibility."

In his reply brief, plaintiff states that he seeks the information in these interrogatories to learn the identities of his John (or Jane) Doe defendants.  Plaintiff does not know whether these Doe defendants exist, but speculates that it is implausible that only defendants Evan and Shupe (the names listed on plaintiff's mail and publication violations) would have rejected his mail.  The Court finds plaintiff's requests are not overbroad, but rather reasonably tailored to discover the names and titles of staff who, during an approximately one-month period, might have been responsible for the purported violations of plaintiff's rights.  The Court grants plaintiffs motion to compel further responses to these requests.

4.    **Response Nos. 1-3 & 5 of Plaintiff's** *Fourth* **Set of Interrogatories**

In **Interrogatory No. 1**, plaintiff asks defendants to provide him with a "description of the training that mailroom staff members at SRCI's mailroom have completed.  If this training is set forth in a document, please produce the document."  In **Interrogatory No. 2**, plaintiff asks whether "all mailroom staff members at SRCI completed the same training, specifically for mailroom operations?  If not, please state the different standards."  In addition to objecting to these requests as vague with regard to "training", not

16 - ORDER

limited in time or scope, overbroad and not calculated to lead to discovery of admissible evidence, defendants objected to them on the basis they "seek[] information that is confidential for reasons of institutional security."  In their response, defendants also note they provided plaintiff with several "position descriptions".

The Court grants in part and denies in part plaintiff's motion to compel further responses to these requests.  Beyond the mail rules and position descriptions already provided, defendants are directed to provide any written training  descriptions in their possession for SRCI mail staff that would govern mail staff actions between June 2013 and December 2013, subject to production of a privilege log or a specified showing of defendants' concerns pertaining to institutional security.

In **Interrogatory No. 3**, plaintiff asks defendants to "state the defendant's policy of whether they recognize the difference between the threat posed to the facility by written or pictorial content in incoming inmate mail."  Defendants objected to the request on the basis it is partially vague, presents an incomplete hypothetical, is overbroad and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also noted that they had already produced their mail rules for plaintiff.

Defendants' objections are well taken.  Plaintiff's motion to compel further response to this request is denied.

In **Interrogatory No. 5**, plaintiff asks defendants to provide him with a "description of the training that Correctional Lieutenant Clements completed in order to conduct an administrative review for mail violations (including publication violations). Defendants objected to the request on the basis it is was vague as to "training", overbroad, not reasonably calculated to lead to admissible evidence, and "seeks information that is confidential for reasons of institutional security."

The Court grants in part and denies in part plaintiff's motion to compel further response to this request. Beyond the mail rules and position descriptions already provided, defendants are directed to provide copies of any written descriptions in their possession outlining training Lieutenant Clements would have relied on for administrative reviews he conducted between June 2013 and June 2014, subject to production of a privilege log or a specified showing of defendants' concerns pertaining to institutional security.

5. **Response No. 4 to Plaintiff's *Sixth* Set of Interrogatories**

Plaintiff asks whether "any inmate ever successfully completed an administrative review of rejected inmate mail (including publications) and won some sort of relief from the administrative review (e.g. has any inmate ever been issued a copy of the letter that was rejected, or a copy of the rejected book as a result of the administrative review)". Defendants objected on the basis the

18 - ORDER

request is overbroad, not limited in time and not calculated to lead to the discovery of admissible evidence.

At a minimum, plaintiff's request is overbroad and unduly burdensome. His motion to compel further response to this request is denied.

6. **Response No. 1 to Plaintiff's *Second* Request for Admissions**

Plaintiff asks defendants to admit "[t]he mailroom staff, and other defendants, fail to distinguish the differences inherent in pictorial or written content in incoming inmate mail. The defendants treat written content the same way they treat pictorial content when reviewing incoming inmate mail." Defendants objected to the request on the basis it is partially vague, presents an incomplete hypothetical, is overbroad, does not fall within the scope of FRCP 26 or 36, and is not reasonably calculated to lead to the discovery of admissible evidence.

Defendants' objections are well taken. Plaintiff's motion to compel further response to this request is denied.

7. **All Responses to Plaintiff's *Fifth* Request for Production of Documents.**

In his **Request for Production No. 1**, plaintiff sought affidavits from Kathy Stevens regarding the purpose and implementation of the mail rules and from Dr. Neil M. Malamuth referred to by the Ninth Circuit in *Bahrampour v. Lampert*, 356 F.3d 969 (9th Cir. 2004). Defendants objected on the basis the request sought documents not in their possession, custody or control.

19 - ORDER

Defendants can only be required to produce documents that are in their "possession, custody or control." Fed.R.Civ.P. 34(a). Their response is clear. Plaintiff's motion to compel further response to this request is denied.

In his **Request for Production No. 2**, plaintiff sought production of a document as it relates to ODOC's censorship of outgoing mail referred to by this district court in *Barrett v. Belleque*, 2006 US Dist. LEXIS 79995 (D. Or. October 27, 2006): "Defendants' Response to Plaintiff's Motion for Preliminary Injunction (#31)." In his **Request for Production No. 3**, plaintiff sought production of an affidavit from Randy Geer referred to by the court in *Barrett v. Belleque*, 2006 US Dist. LEXIS 79995 (D. Or. October 27, 2006). Defendants objected to these requests on the basis that they are not reasonably calculated to lead to the discovery of admissible evidence, they have moved to dismiss plaintiff's facial challenge against ODOC's outgoing mail rules, and the requests sought documents not in their possession, custody or control.

In his **Request for Production No. 4**, plaintiff sought production of a declaration of Randy Geer referred to in *Chandler v. Williams*, 2010 US Dist LEXIS 141934 (D.Or. 2010) relating to "Chandler's contention that his First and Fourteenth Amendment rights were violated when defendants rejected two books and a magazine he ordered containing sexually explicit material, in

20 - ORDER

violation of ODOC administrative rules concerning prohibited inmate mail." Defendants objected to this request on the basis it is not reasonably calculated to lead to the discovery of admissible evidence, different publication were at issue in *Chandler*, and defendants have moved to dismiss the facial challenge claims. Defendants further argue that the court granted a motion to have attachments to the Geer declaration submitted in camera due to security concerns and that similar institutional security concerns are present here as well. Finally, defendants assert the declaration is not in their possession, custody or control.

As noted above, defendants can only be required to produce documents that are in their "possession, custody or control." Fed.R.Civ.P. 34(a). Their response is clear. Moreover, the Court is persuaded by defendants' assertion that the document, affidavit and declaration referenced in unrelated cases are not reasonably calculated to lead to the discovery of admissible evidence and may implicate institutional security concerns. Plaintiff's motion to compel further responses to these requests is denied.

**III. Plaintiff's Motion for Leave to File a Supplemental Complaint**

Plaintiff seeks to "supplement" his amended complaint with new claims surrounding defendants' Publication Violation List, their policies pertaining authorized reading material in the disciplinary segregation unit and deprivation of necessary personal hygiene items. Defendants argue the Court should deny plaintiff's motion

21 - ORDER

because:  (1) it improperly introduces "separate, distinct, and new causes of action to this case that should instead be brought in a separate lawsuit"; and (2) the proposed supplemental complaint would unduly delay the resolution of this case.

Under the Federal Rules of Civil Procedure, a plaintiff generally may amend his complaint once as a matter of course within 21 days after the service of a motion filed under Federal Rule of Civil Procedure 12(b).  *See* Fed.R.Civ.P. 15(a)(1)(B).  A party may also amend its pleading with the court's leave, which should be freely given "when justice so requires."  *See* Fed.R.Civ.P. 15(a)(2).  Discretion to deny leave to amend, however, is "particularly broad where plaintiff has previously amended the complaint."  *Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indian Reservation v. United States*, 90 F.3d 351, 355 (9th Cir. 1996)(citation and internal quotation omitted).

Here, defendants' arguments are well taken.  The supplemental complaint would significantly widen the scope of the amended complaint.  In addition, defendants would be prejudiced by such amendment by the substantial delay that would result if the Court granted amendment.  Notably, plaintiff has not demonstrated a persuasive reason for his late amendment.  For example he acknowledges that he learned of the Publication Violation List "8-10 months ago".  *See* Motion [82], p. 2.  Accordingly, the Court

22 - ORDER

DENIES plaintiff's Motion for Leave to File a Supplemental Complaint.

## IV. Plaintiff's Second Motion for Appointment of a Court-Appointed Expert Witness

Plaintiff seeks an expert to assist the Court in evaluating "how significant the differences are between written content and pictorial content in incoming inmate mail for purposes of government censorship." Motion [55], p. 2.

Pursuant to Federal Rule of Evidence 706, a federal court may appoint an independent expert witness and allocate the expert's fees among the parties "in such proportion and at such time as the court directs." Fed.R.Evid. 706(b). Under this rule, experts are properly appointed where complex scientific issues are involved, such as determining what the concentration levels of environmental tobacco smoke (ETS) are in a prison and determining the health effects of ETS on nonsmoking prisoners. *McKinney v. Anderson*, 924 F.2d 1500 (9th Cir. 1991), vacated on other grounds by *Heiling v. McKinney*, 502 U.S. 903 (1991). Notably, the principal purpose of a court-appointed expert is to assist the trier of fact from a position of neutrality, not to serve as an advocate.

Plaintiff has failed to demonstrate that this case is so complicated and difficult that an expert is required, particularly at this stage of the litigation. Accordingly, the Court denies plaintiff's Motion.

///

23 - ORDER

## CONCLUSION

Based on the foregoing, the Court GRANTS in part Defendants' Motion [39] and dismisses plaintiff's facial challenges to OARs: 291-131-0035(1), 291-131-0010 (20) & (21), 291-131-0015 (2), 291-131-0025(5)(b), 291-131-0037(6)(a)(A) and 291-131-0050 (3)(d) & (e). The Court DENIES in part defendants' Motion [39] as to OAR 291-131-0025(11)(b)(D) and as to defendants Peters and Nooth. In addition, the Court GRANTS in part and DENIES in part plaintiff's Motions to Compel Discovery, Motion regarding sufficiency of an objection, and Motions for Sanctions [53] & [72] as set forth in this Order. The Court further DENIES plaintiff's Second Motion for Court-Appointed Expert Witness [55] and Motion for Leave to File a Supplemental Complaint [82]. Finally, the Court GRANTS defendants' Motion [84] and extends the deadline for completing discovery and filing dispositive motions until June 15, 2015.

IT IS SO ORDERED.

DATED this 27th day of May, 2015.

Paul Papak
United States Magistrate Judge