IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERNIE JUNIOR PEREZ,

      Plaintiff,

                                      2:14-CV-380-PK

                                      OPINION AND ORDER

v.

COLETTE PETERS, MARK NOOTH, RANDY
GEER, MICHAEL CLEMENTS, KALLEE
EVANS, CHRIS SHUPE, J. DOE, and LORI
SCHULTZ,

      Defendants.

PAPAK, Magistrate Judge:

      Plaintiff *pro se* Ernie Junior Perez, an incarcerated prisoner, filed this action *in forma pauperis* against defendants Colette Peters, Mark Nooth, Randy Geer, Michale Clements, Kallee Evans, Chris Shupe, John or Jane Doe, and Lori Schultz on March 6, 2014. Perez amended his

Page 1 - OPINION AND ORDER

complaint effective July 31, 2014. By and through his amended complaint, Perez alleged the defendants' liability pursuant to 42 U.S.C. § 1983 for the violation of his free speech rights under the First Amendment and, in a separately pled claim, under Section 1983 for the violation of his due process rights under the Fourteenth Amendment. By and through his First Amendment claim, Perez raised both facial and as-applied challenges to various specifically identified regulations promulgated by the Oregon Department of Corrections ("ODOC"), and by and through his Fourteenth Amendment claim, Perez challenged the adequacy of the procedures available to him to challenge the application of those regulations to him within the institution where he was housed. On May 27, 2015, I dismissed Perez' facial challenge to the identified regulations, other than his facial challenge to O.A.R. 291-131-0025(11)(b)(D) (discussed below), with prejudice.

On July 24, 2015, Perez filed a motion (#103) for imposition of sanctions pursuant to Federal Civil Procedure Rule 56(h) and a separate motion (#104) for imposition of sanctions pursuant to Federal Civil Procedure Rule 26(g)(3). On August 14, 2015, defendants filed memoranda in opposition to both motions for imposition of sanctions.

Defendants are now ordered to show cause, at a telephone hearing to take place on the record on November 18, 2015, at 1:30 p.m., why they and/or their counsel should not be sanctioned, in connection with the conduct identified by plaintiff by and through his two motions for imposition of sanctions and/or any subsequent conduct of defendants or their counsel related to the conduct so identified, pursuant to Federal Civil Procedure Rule 56(h), Federal Civil Procedure Rule 26(g)(3), and/or the inherent power of the court to sanction parties or their counsel for litigation abuses.

## CONCLUSION

For the reasons set forth above, defendants are ordered to show cause at a telephone hearing to take place on the record on November 18, 2015, at 1:30 p.m. why defendants and/or their counsel of record should not be sanctioned as discussed above.

Dated this 10th day of November, 2015.

Honorable Paul Papak
United States Magistrate Judge